# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

DELORES C. LOCKHART,

    Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

5:25-CV-118

## ORDER

This action is before the Court on Defendant State Farm Fire and Casualty Company's motion to dismiss and request for oral argument. Dkt. Nos. 7, 8. Plaintiff Delores Lockhart has filed no response to either motion, and the time to do so has elapsed. For the reasons explained below, Defendant's motion to dismiss, dkt. no. 7, is **DENIED**, and Defendant's request for oral argument, dkt. no. 8, is **DENIED as MOOT**.

## BACKGROUND[1]

This is a breach of contract action by Plaintiff Delores Lockhart against Defendant State Farm Fire and Casualty Company ("State Farm"). Dkt. No. 1-1. Plaintiff alleges that she entered

---

[1] When analyzing a motion to dismiss, the Court must "accept all factual allegations in a complaint as true and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

into an insurance contract with State Farm when she purchased a homeowners policy ("the Policy") to cover real property located in Waycross, Georgia ("the Property"). Id. at 2. Pursuant to this contract, State Farm allegedly agreed to cover the Property in the event of "sudden and accidental direct physical loss." Id.

Plaintiff contends that the Property suffered damage during Hurricane Helene.[2] Id. at 3. Due to this damage, Plaintiff submitted a claim to State Farm pursuant to the Policy, and State Farm assigned a claim number and investigating agent to Plaintiff's claim. Id. State Farm's agent then performed a site inspection of Plaintiff's home, and, on April 24, 2025, State Farm allegedly acknowledged coverage of the loss. Id. at 3–4. Even though State Farm prepared an estimate for the covered damage, Plaintiff contends that "the Property sustained covered damages greater than the damages acknowledged by the Insurance Company." Id. at 4. In Plaintiff's sworn statement in proof of loss, she claimed $54,081.01 pursuant to the Policy.[3] Dkt. No. 1-2.

---

[2] Plaintiff does not provide additional detail about the nature of the damage beyond her allegation that the damage caused by Hurricane Helene amounted to a "covered loss." Dkt. No. 1-1 ¶ 7. Plaintiff's conclusory allegation that the entirety of the loss was covered by the Policy, however, is a legal conclusion which is not entitled to a presumption of truth at this stage. Id.; Papasan v. Allain, 478 U.S. 265, 286 (1986) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation.")

[3] When Plaintiff originally initiated suit in the Superior Court of Ware County, Georgia, she attached various exhibits to her complaint, including the text of the Policy and a sworn statement

On September 11, 2025, Plaintiff filed suit in the Superior Court of Ware County, Georgia, seeking monetary damages for State Farm's handling of her claim, and, on October 17, 2025, State Farm removed the suit to this Court. Dkt. No. 1; Dkt. No. 1-1 at 1–8. In this action, Plaintiff demands compensatory damages, bad faith damages, attorneys' fees, and pre-judgment and post-judgment interest, all pursuant to one breach of contract claim. Id. at 6–8. State Farm now moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 7. State Farm also requests oral argument on its motion to dismiss. Dkt. No. 8. Plaintiff did not respond to State Farm's motion to dismiss, nor did she respond to the request for oral argument. The time to do so has elapsed.

**LEGAL STANDARD**

As previously noted, Plaintiff's complaint was originally filed in the Superior Court of Ware County, Georgia, before State Farm removed to this Court. Dkt. Nos. 1, 1-1. "The pleading

---

in proof of loss. Dkt. Nos. 1-1, 1-2. When ruling upon a motion to dismiss, a district court may consider a document outside the four corners of the complaint if it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir. 2016) (quoting SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)). These exhibits are central to Plaintiff's claims because they surround the Policy and the claimed hurricane damage  precipitating this action, and State Farm does not challenge the authenticity of these documents. See generally Dkt. Nos. 1-1, 7, 7-1, 8. As a result, the Court may consider Plaintiff's exhibits when ruling on State Farm's motion to dismiss.

standard in Georgia [state court] is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms. Pleading conclusions, rather than facts, may be sufficient to state a claim for relief." Ullah v. BAC Home Loans Serv. LP, 538 F. App'x 844, 846 (11th Cir. 2013) (citations omitted); see also Huck v. Phila. Consol. Holding Corp., No. 1:19-CV-03336-SDG, 2020 WL 4726753, at *2 (N.D. Ga. Mar. 19, 2020) (same).

Once a proceeding is removed from state court to federal court, subsequent proceedings—such as analysis of a post-removal motion to dismiss—will generally be subject to the Federal Rules of Civil Procedure rather than the procedural requirements of the state court in which those pleadings were first filed. Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); see also Gordon v. Dunbar, No. CV421-040, 2021 WL 5140956, at *1 (S.D. Ga. Aug. 10, 2021) ("Once removed, this case became subject to the Federal Rules of Civil Procedure."), report and recommendation adopted, 2021 WL 5140934 (Nov. 3, 2021). This being so, when a district court reviews the sufficiency of a complaint *after* removal, that analysis is governed by federal pleading requirements, even if the complaint may not have been subject to such procedural requirements had it remained

in state court. Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986) ("[U]nder [Hanna v. Plumer, 380 U.S. 460, 465–474 (1965)], a federal court need not adhere to a state's . . . pleading requirements but should instead follow Fed. R. Civ. P. 8(a)." (citing 5 Wright, Miller & Kane, Fed. Prac. & Proc.: Civil § 1245 (1985 Supp.))); Valdez v. USAA Cas. Ins., No. 23-CV-24308, 2024 WL 7003289, at *2 (S.D. Fla. Apr. 26, 2024) (declining to analyze sufficiency of amended complaint under Florida's state-court pleading requirements in motion to dismiss analysis conducted after the case was removed to federal court).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint is not required to include "detailed factual allegations," the federal rules require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In analyzing a motion to dismiss for failure to state a claim, the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citing Ironworkers Loc. Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). Legal conclusions, on the other hand, are not afforded the same assumption of truth. Iqbal, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. Id. at 678. Finally, should a complaint set forth "a legal conclusion couched as a factual allegation," the Court need not accept that conclusion as true. Papasan, 478 U.S. at 286. In other words, a complaint will not survive a motion to dismiss if it merely recites the elements of the claim and declares that they are met. Iqbal, 556 U.S. at 680–81. Ultimately, to survive a motion to dismiss, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

6

**DISCUSSION**

State Farm moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. Nos. 7, 7-1. Because Plaintiff failed to respond to the motion to dismiss, the motion is unopposed. S.D. Ga. L.R. 7.5; see also Washam v. Bush, No. CV 117-057, 2018 WL 445439, at *1 (S.D. Ga. Jan. 16, 2018). In the interest of fairness and completeness, the Court will nonetheless review State Farm's motion to dismiss to confirm its legal basis. Brannen v. McGlamery, No. CV 620-122, 2023 WL 3079435, at *1 (S.D. Ga. Apr. 25, 2023) ("Plaintiff did not respond to the motion to dismiss. Therefore, pursuant to Local Rule 7.5, the motion is deemed unopposed. Nevertheless, the Court will review Defendants' arguments to affirm the legal basis."). Based on this review, the Court holds that there are deficiencies in Plaintiff's complaint, but the Court *sua sponte* grants Plaintiff leave to file an amended complaint.

## I. Plaintiff's complaint falls short of federal pleading requirements.

In its motion to dismiss, State Farm argues that Plaintiff failed to plausibly allege breach of contract—the only substantive count in the complaint. Dkt. No. 7-1 at 6-8. State Farm also contends that some of the complaint's specific requests for relief

7

associated with that one claim should fail, too,[4] arguing that Plaintiff "failed to state a claim" for bad faith penalties, attorneys' fees, litigation expenses, or pre- and post-judgment interest. Id. at 8–11. While the breach of contract claim is not sufficiently pled, Plaintiff's requests for relief are not causes of action subject to dismissal under Rule 12(b)(6) for failure to state a claim.

### A.      Breach of Contract

When analyzing insurance policies in cases governed by Georgia substantive law, courts rely upon ordinary rules of contract interpretation. Ace Am. Ins. Co. v. Wattles Co., 930 F.3d 1240, 1252 (11th Cir. 2019) (citing Am. Strategic Ins. Corp. v. Helm, 759 S.E.2d 563, 565 (Ga. Ct. App. 2014)); see also Lambert v. Alfa Gen. Ins., 660 S.E.2d 889, 891 (Ga. Ct. App. 2008) ("Under Georgia law, contracts of insurance are interpreted by ordinary rules of contract construction[.]" (citations omitted)). "The elements of a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Moore v. Lovein

---

[4] Plaintiff does not style her derivative requests for bad faith penalties, attorneys' fees, litigation expenses, or pre- and post-judgment interest as independent causes of action, but rather includes such requests within her breach of contract claim and in a separate "Prayer for Relief" section of the complaint. Dkt. No. 1-1 at 7–8.

Funeral Home, Inc., 852 S.E.2d 876, 880 (Ga. Ct. App. 2020) (citation omitted).

State Farm's motion to dismiss disputes whether Plaintiff plausibly alleges the first and second elements of a breach of contract claim: "breach" and "resultant damages." Id.; Dkt. No. 7-1 at 6–8. On this point, State Farm claims that Plaintiff has not plausibly alleged breach because "[P]laintiff makes no allegations as to the exact provisions of the State Farm policy which: (1) entitle her to recovery and (2) State Farm breached." Dkt. No. 7-1 at 6. State Farm also contends that Plaintiff's breach of contract claim fails because she did not specify the amount of loss. Id. at 7–8. The Court holds that Plaintiff's breach of contract claim is insufficiently pled because Plaintiff failed to adequately identify the policy provision(s) allegedly breached, but Plaintiff's alleged failure to specify amount of loss is not fatal to her claim. See Britt v. State Farm Fire & Cas. Co., No. 2:25-CV-132, 2026 WL 444507, at *3 (S.D. Ga. Feb. 17, 2026) (analyzing almost identical arguments in insurance contract dispute and reaching the same conclusion).

First, Plaintiff fails to sufficiently plead the "breach" element of her breach of contract claim. Georgia law indicates that "[a] breach-of-contract claim that fails to identify a specific contractual provision that the defendant breached may be subject to dismissal." Id. (citing Shah Ali Inv., LLC v. First Am.

Title Ins. Co., No. 1:20-CV-02656-SCJ, 2021 WL 12130744, at *5 (N.D. Ga. Mar. 10, 2021); Am. Casual Dining, L.P. v. Moe's S.W. Grill, LLC, 426 F. Supp. 2d 1356, 1368–69 (N.D. Ga. 2006) (dismissing breach of contract claims because litigant pointed to various acts of defendant to argue breach without identifying the "specific contractual provisions" at issue); Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358–59 (11th Cir. 2020) (stating that district court properly dismissed breach-of-contract claim that "generally asserted" breach without identifying "any provisions or any specific agreements that were breached, nor excerpt[ing] any relevant portions of an agreement to allege the existence of a valid contract"); Allstate Ins. Co. v. ADT, LLC, No. 1:15-CV-517-WSD, 2015 WL 5737371, at *7 (N.D. Ga. Sept. 30, 2015) ("Plaintiff does not identify what Contract provision was allegedly breached, and for this reason, Plaintiffs' Complaint, as currently plead, fails to state a claim for breach of contract and is required to be dismissed.")). To satisfy this requirement, litigants are not required to quote from an insurance policy, but general allegations of breach will not suffice without further specificity as to the policy provisions at issue. Est. of Bass, 947 F.3d at 1359 (citing Iqbal, 556 U.S. at 678); Huck, 2020 WL 4726753, at *6.

In the instant case, Plaintiff alleges that she entered into an insurance contract with State Farm which covered the Property

10

at the time of loss, provides the Policy number, and contends in conclusory fashion that the hurricane damage was a "covered loss." Dkt. No. 1-1 at 2–3. Plaintiff further contends the terms of the Policy required State Farm to provide coverage in the event of "sudden and accidental physical loss." Id. at 2. However, Plaintiff claims that State Farm allegedly engaged in a "tactic of denying and delaying the Insured's claim" in violation of its obligations under the Policy. Id. at 6. Plaintiff fails to elaborate on what kind of property damage was sustained during the hurricane, and she includes no factual allegations regarding the extent of such damage. See generally Dkt. No. 1-1 at 1–8. But Plaintiff does attempt to supplement her complaint by attaching over fifty pages of the Policy's text to her pleading. Id. at 9–62.

In light of the requirements to plausibly allege breach under the federal pleading rules now governing this case, the allegations in Plaintiff's complaint fall short, and attaching the text of the Policy to the complaint does not remedy this deficiency. Plaintiff's general allegations of breach in reference to the Policy do not give State Farm—or the Court—sufficient guidance as to which of the many policy provisions forms the basis of her claim. Id. at 2–3; Est. of Bass, 947 F.3d at 1359 (citing Iqbal, 556 U.S. at 678); Huck, 2020 WL 4726753, at *6. This lack of notice regarding the relevant policy provision(s) is exacerbated by the complaint's lack of detail regarding what damage to the Property

11

was sustained during the hurricane. Dkt. No. 1-1 at 2-3. Finally, attaching the text of the Policy in its entirety to the complaint does not remedy Plaintiff's lack of specificity, as "the Policy itself contains a plethora of coverage provisions, forms, exclusions, and endorsements, any of which could, theoretically, saddle Defendant[] with liability." Huck, 2020 WL 4726753, at *6. As such, the complaint, even when read in conjunction with the Policy text attached to it, fails to plausibly allege the "breach" element of a breach of contract claim.

On the other hand, State Farm's argument regarding the "damages" element falls short. To argue that Plaintiff's claim should be dismissed for failure to specify amount of loss, State Farm specifically contends that Plaintiff's breach of contract claim should fail because Plaintiff failed to allege (1) the amount of money it would have taken to repair the Property, (2) the amount allegedly owed by State Farm, (3) the coverages under which State Farm allegedly owes Plaintiff, and (4) the specific provision in the Policy which compels payment. Dkt. No. 7-1 at 7. As explained supra, Plaintiff's failure to specify the relevant coverage provisions—State Farm's third and fourth points—renders the breach of contract claim insufficiently pled. Id. State Farm's contention that Plaintiff must specifically allege an estimate of repair costs

and the specific amount owed under the Policy, however, is not supported by the authority provided by State Farm.[5] Id.

To explain, State Farm relies primarily upon an unpublished, non-binding case, Bauer v. State Farm Life Insurance Co., No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022), to argue that Plaintiff's alleged failure to specify amount of loss is fatal to her breach of contract claim. Dkt. No. 7-1 at 7. Citing Bauer, State Farm argues that Plaintiff must specifically allege an "identifiable sum" to state a breach of contract claim. Id. This argument, however, ignores profound differences between Bauer and the instant case, specifically with regard to the cause of action being analyzed. Compare Bauer, 2022 WL 912687, at *2, with Dkt. No. 1-1 at 1–8. Bauer stated that failure to plead an "identifiable sum" can be fatal to a *monetary conversion claim*, as such a claim

---

[5] While it is not in the complaint itself, Plaintiff does include as an attachment a sworn statement in proof of loss indicating that the amount claimed under the Policy totaled $54,081.01. Dkt. No. 1-2. State Farm references this figure in its notice of removal, using it to determine whether the amount in controversy is sufficient to support federal diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 ¶¶ 7–8. This is not an exact estimate of the property damage value claimed in the present action, as the complaint references additional damage caused by delays in the Property's restoration. Dkt. No. 1-1 at 5–6. As to the amount owed by State Farm, Plaintiff alleges that State Farm "failed to fully indemnify" her for her loss, but she does not specify what amount, if any, she *did* receive from State Farm based on its claim estimate. Id. at 4. This being so, while the dollar figure in the sworn statement in proof of loss is not dispositive as to the exact amount of loss currently claimed by Plaintiff, State Farm does not provide sufficient authority to warrant dismissal of the breach of contract claim for failure to sufficiently allege damages.

requires an allegation that money was converted from a specific and identifiable source. 2022 WL 912687, at *2 (citing Unified Servs., Inc. v. Home Ins. Co., 460 S.E.2d 545, 549 (Ga. Ct. App. 1995); Taylor v. Powertel, Inc., 551 S.E.2d 765, 769 (Ga. Ct. App. 2001)). But nowhere in its analysis does Bauer state that this "identifiable sum" requirement is an element of a breach of contract claim rather than the conversion claim being analyzed. Id. In fact, sister courts within this Circuit have held that "[t]he elements for a breach of contract claim and conversion of money claim are not analogous." Boyd v. State Farm Fire & Cas. Co., No. 7:24-CV-116-WLS, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025). This being so, Plaintiff's failure to plead an exact damages amount is not fatal to her breach of contract claim, despite State Farm's argument otherwise.

### B.    Requests for Relief

Beyond its contentions regarding the sufficiency of Plaintiff's breach of contract claim, State Farm also advocates for dismissal of Plaintiff's various requests for relief. Dkt. No. 7-1 at 8–11. More specifically, State Farm argues that Plaintiff "fails to state a claim for bad faith penalties," and "fails to state a claim for attorney's fees, litigation expenses, and pre and post-judgment interest." Id. Importantly, though, Plaintiff's breach of contract claim is the complaint's sole substantive count; Plaintiff's references to bad faith penalties, attorney's fees,

expenses, and interest are all requests for relief, not their own causes of action. See Dkt. No. 1-1 at 7 (praying "for this Court to enter an award in [Plaintiff's] favor for compensatory damages, attorneys' fees, pre-judgment and post-judgment interest, and such other and further relief as the Court may deem just and proper"), 7-8 (Plaintiff's "prayer for relief" seeking—among forms of monetary compensation—bad faith damages, attorneys' fees, costs, and pre- and post-judgment interest); see also Pollock v. State Farm Fire & Cas. Co., No. 7:25-CV-156-WLS, 2026 WL 852067, at *6 (M.D. Ga. Mar. 27, 2026) (characterizing plaintiffs' request for bad faith damages as a "request for relief"); Bobo's Drugs, Inc. v. Total Pharm. Supply, Inc., No. 8:17-CV-2553-T-30AAS, 2018 WL 2688786, at *1 (M.D. Fla. Feb. 9, 2018) (agreeing with plaintiff's argument that "attorney's fees are simply types of relief [p]laintiff seeks for the claim, not the claim itself").

The distinction between a prayer for relief and a substantive cause of action is especially important in light of this Court's caselaw. See, e.g., Branch v. O'Brien, No. 4:14-CV-147, 2014 WL 7405780, at *3 (S.D. Ga. Dec. 29, 2014). In Branch, this Court indicated that a request for relief—in that case, a request for punitive damages—is not a "'claim' within the meaning of [Federal Rule of Civil Procedure] 8(a)(2)." 2014 WL 7405780, at *3 (citing Cohen v. Off. Depot, Inc., 184 F.3d 1292, 1297 (11th Cir. 1999), vacated in part on other grounds by 204 F.3d 1069 (11th Cir. 2000);

15

Bowden v. City of Franklin, 13 F. App'x 266, 276 (6th Cir. 2001)).

In analyzing defendants' Rule 12(b)(6) motion to dismiss that

portion of the relief sought by plaintiff, the Court reasoned:

> [T]he requested relief is irrelevant to a court's
> determination as to whether or not a plaintiff has stated
> a claim for relief for purposes of Rule 8(a)(2). Whether
> a claim for relief should be dismissed under Rule
> 12(b)(6) "turns not on 'whether [a plaintiff] has asked
> for the proper remedy but whether he is entitled to *any*
> remedy.'" It follows then that Rule 12(b)(6), a vehicle
> for testing whether a plaintiff is entitled to relief,
> is an improper vehicle for challenging the sufficiency
> of a prayer for relief, which is merely part of the
> relief sought.

Id. (internal citations omitted).

The same reasoning can be applied to State Farm's arguments

here. The only substantive count in the complaint is Plaintiff's

breach of contract claim, and the remaining requests for bad faith

damages, fees, costs, and interest are merely requests for relief

rather than "'cause[s] of action' subject to dismissal under Rule

12(b)(6)." Dkt. No. 1-1 at 1-8; Branch, 2014 WL 7405780, at *3

(citing Rathbone v. Haywood Cnty., No. 1:08cv117, 2008 WL 2789770,

at *1 (W.D.N.C. July 17, 2008)). In light of this Court's previous

efforts to "part[] ways with a contingent of other courts that

have entertained motions to dismiss prayers for relief under Rule

12(b)(6)," the Court declines to dismiss the types of relief

targeted in State Farm's motion to dismiss for "failure to state

16

a claim."[6] Dkt. No. 7-1 at 8-11; Branch, 2014 WL 7405780, at *3 (citing Schmidt v. C.R. Bard, Inc., No. 6:14cv62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014)).

## II.  It is proper to allow Plaintiff to amend her complaint rather than dismissing the case in its entirety.

While the complaint presently falls short of federal pleading requirements, the Court nonetheless grants Plaintiff leave to file her first amended complaint. While the time to amend her pleading as a matter of course has long passed, a party may amend its pleading with the court's leave. See Fed. R. Civ. P. 15(a)(2). Notably, a district "court should freely give leave when justice so requires," id., unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party," Pinnacle Advertising & Marketing Group, Inc. v. Pinnacle Advertising & Marketing Group, LLC, 7 F.4th 989, 999-1000 (11th Cir. 2021) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006)). District courts' discretion to allow amendment should generally be exercised in a manner favoring amendment rather than wholesale dismissal in an effort to reach the merits of a dispute. Id. at 1000 (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401,

---

[6] This Order should not be interpreted as a guarantee that Plaintiff will be able to recover all requested types of relief listed in the complaint. Dkt. No. 1-1 at 7-8. Rather, this Order merely analyzes the complaint to determine whether this case may move beyond the pleading stage.

17

406-07 (11th Cir. 1989) (stating that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion")).

This discretion also extends to allow amendments to pleadings "even when a party does not formally request leave." Id. (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that a "district court is not *required* to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court" (emphasis added))). At bottom, the Eleventh Circuit "neither require[s] a district court to amend a pleading *sua sponte* nor forbid[s] it." Id.

Guided, in part, by the Eleventh Circuit's preference for liberally permitting amendments, the Court elects to allow Plaintiff to amend the complaint, rather than dismissing the case at this stage. Id. (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989)). Lending further support to this decision, there is no suggestion of undue prejudice present in this case such that it would be improper for Plaintiff to be afforded an opportunity to amend her pleading, especially where this would be her first amended complaint. As such, the Court **DENIES** State Farm's motion to dismiss at this time and **ORDERS**

18

Plaintiff to file an amended complaint within **twenty (20) days** of the date of this Order. Plaintiff is warned that a failure to assert sufficient factual allegations to support a plausible claim for relief will result in dismissal of this case.

**CONCLUSION**

State Farm's motion to dismiss, dkt. no. 7, is **DENIED**, and State Farm's request for oral argument on its motion to dismiss, dkt. no. 8, is **DENIED as MOOT**.[7] Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED** this 13th day of April, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[7] A court is not required to hold an oral hearing before ruling on a motion to dismiss. Roberts v. FNB S. of Alma, Ga., 716 F. App'x 854, 857 (11th Cir. 2017) (citing Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998)). Instead, Rule 12 requires only that a party "be given the opportunity to present its views to the court." Greene, 136 F.3d at 316. State Farm has adequately addressed the key issues of its motion to dismiss within its briefing, and Plaintiff had an opportunity to respond, even if she failed to take advantage of that opportunity. Dkt. No. 7-1; see also Dkt. No. 10 (granting Plaintiff's motion for extension of time to file a response to the present motion to dismiss).